UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-CV-21260-SEITZ

ERICA WHITE,
        Plaintiff,

v.

J.A.W. ENTERTAINMENT, INC., et al,
        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff Erica White's Complaint [DE 13]. Plaintiff filed a twelve-count complaint alleging violations of the Fair Labor Standards Act and state law tort claims against Defendant J.A.W. Entertainment Inc, a Florida corporation, and Defendants Joseph Long, Edmundo Lopez, and Michael Reese, all Florida residents, in their individual capacities.[1] DE 1. Defendants assert dismissal of the entire Complaint is appropriate because Plaintiff fails to allege sufficient facts to maintain an action under the Fair Labor Standards Act or is otherwise barred from bringing such claims as an independent contractor, and because this Court lacks subject matter jurisdiction over Plaintiff's state law claims. Further, Defendants argue the allegations against Defendant Long must be dismissed because he is not individually liable for the actions of Defendants J.A.W., Lopez, or Reese. The Court has reviewed the Motion [DE 13], Plaintiff's Response in Opposition [DE 24], and Defendants' Reply [DE 27] and is otherwise fully informed. Because Plaintiff has not plead sufficient facts to maintain an action under the FLSA, Defendants' Motion to Dismiss Plaintiff's Complaint is granted with leave to amend.

---

[1] Defendant J.A.W. owns and operates a nightclub business. DE 1. Defendant Long was engaged in the day-to-day operations of Defendant J.A.W.'s nightclub business. *Id.* at ¶ 2. Defendant Lopez was a security officer employed by Defendant J.A.W. *Id.* at ¶ 7. Defendant Reese is a manager employed by J.A.W. *Id.* at ¶ 8.

## A. FACTS

Plaintiff was employed by Defendants J.A.W. and Long from September 9, 2022 until October 23, 2022 as an exotic dancer in a nightclub. DE 1 ¶ 1. Defendants allegedly did not pay Plaintiff minimum wage or overtime, despite regularly working more than forty hours a week while employed by Defendants. *Id.* at ¶ 12-14. On October 22, 2022, while working her shift, Plaintiff was dragged, half-naked, by Defendant Lopez into Defendant Reese's office where they restrained her and stole money from her purse. *Id.* at ¶ 16. As such, Plaintiff filed the instant Complaint against Defendants alleging violations of federal minimum wage and overtime compensation under the FLSA, as well as civil assault, negligent hire and/or retention, intentional infliction of emotional distress, and false imprisonment. *Id.*

## B. LEGAL STANDARD

A motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) questions the facial sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). A dismissal is warranted where a complaint that fails to state a claim upon which relief can be granted. *Id.* It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide grounds for relief beyond a "formulaic recitation of the elements of a cause of action . . . ." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded factual allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1066 (11th Cir. 2007).

### C. DISCUSSION

#### a. Plaintiff's FLSA Claims

Viewing the allegations in the light most favorable to Plaintiff, the Complaint does not allege sufficient facts to maintain an action for unpaid and overtime wages under FLSA. To bring an overtime claim under the FLSA, a plaintiff must be "covered" by the FLSA. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1293 (11th Cir. 2011). A plaintiff can claim "enterprise coverage" or "individual coverage" to meet the interstate commerce requirement. *Id.* at 1298.  An employee can claim enterprise coverage is he or she is "employed in an enterprise engaged in commerce or the in production of goods for commerce" and has gross sales of at least $500,000 annually. *Id.* at 1317; see also 29 U.S.C. § 207(a)(1). An employee can claim individual coverage if he or she regularly and directly participated in the movement of persons or things in interstate commerce. *Id.* at 1298.

Plaintiff alleges Defendants were regularly engaged in commerce or the production of goods for commerce, and that Defendant J.A.W. has gross revenues exceeding $500,000 annually. DE 1 ¶ 11.  Alternatively, Plaintiff pleads that she was engaged in interstate commerce, entitling her to coverage. *Id.* However, Plaintiff does not plead any facts which show *how* either she or Defendant engaged in any form of interstate commerce. Plaintiff only pleads that she was an exotic dancer, and that Defendant J.A.W. is a Florida corporation doing business in Florida. *Id.* ¶3; ¶ 5. While Plaintiff does not need to plead detailed factual allegations, Plaintiff needs to plead sufficient facts which connect Defendants' business or her participation in their business to interstate commerce. See *Burton v. Hillsborough County, Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006) (rejecting a "heightened pleading standard" for FLSA claims). The Complaint, as plead, is insufficient.

Defendants further argue that Plaintiff is barred from bringing this FLSA claim because she is an independent contractor and not an employee. When determining whether a plaintiff is an employee or an independent contract, the Court must look at the economic realities of the relationship between the alleged employee and employer and whether the relationship demonstrated dependence. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). The Court may properly address the economic realities test at the motion to dismiss phase. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't Inc.*, 494 F. App'x 940, 943 (11th Cir. 2012). Given that Plaintiff has leave to replead her Complaint and provide more facts regarding her participation in Defendants' business, the Court will await the amended complaint to make a determination regarding her status.

### b. Plaintiff's State Law Claims

Defendants argue Plaintiffs' state law claims must be dismissed because they are unrelated to the FLSA claims. DE 13 at 5. As such, Defendants argue this Court should not exercise supplemental jurisdiction. *Id.* Title 28 U.S.C. § 1367(a) grants the district court the authority to extend supplemental jurisdiction over non-federal claims which "arise out of a common nucleus of operative fact with a substantial federal claim." See *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997). As Plaintiff's amended complaint may contain factual allegations which may bolster an argument in favor of exercising supplemental jurisdiction, the Court will address this issue at the parties' scheduling conference after Plaintiff has filed an amended complaint.

Additionally, Defendants argue Plaintiff improperly named Defendant Long in his individual capacity and did not plead sufficient facts to pierce the corporate veil. Similarly, given the fact that Plaintiff will file an amended complaint, the Court will not address the sufficiency of the allegations against Defendant Long at this juncture.

Although the most pressing issue is whether Plaintiff can plead sufficient facts to maintain an action under the FLSA, in her amended complaint, Plaintiff is well-advised to ensure that she pleads sufficient facts to address Defendants' various arguments for dismissal. Therefore it is

ORDERED THAT

(1) Defendants' Motion to Dismiss [DE 13] is **GRANTED**;

(2) Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**; and

(3) Plaintiff may file an amended Complaint on or before **Friday, August 4, 2023**.

DONE and ORDERED at Miami, Florida, this 26th day of July, 2023.

PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

Cc: Counsel of Record